No









NO. 12-09-00312-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

                                                                        §

IN RE:            

                                                                        §                      ORIGINAL
PROCEEDING

REGINALD DEAN

                                                                        §                      







MEMORANDUM
OPINION

            In
this original mandamus proceeding, Reginald Dean, appearing pro se, complains
of the Honorable Kerry L. Russell, Judge of the 7th Judicial District Court, Smith County , Texas.  Dean seeks a writ of mandamus requiring the respondent to rule on
certain postconviction “motions and attachements [sic]” filed on May 21, 2009. 

            According
to the allegations in his petition, Dean was convicted of one count of
indecency with a child.  After serving eight years in prison, he was released
on July 18, 2007, but is required to register as a sex offender for the rest of
his life.  On July 29, 2008, he took a polygraph examination at the request of
the United States Probation Office,[1]
and no deception was indicated.  Based upon this finding, Dean filed various
motions in the trial court, including a motion for an exemption from the
registration requirement.  He complains in this proceeding that, although the
motions were filed on May 21, 2009, the trial court has failed to rule on any
of them.

            The
act of considering and ruling on motions is a ministerial act, but generally
mandamus will not issue to compel a trial court to rule a certain way on a
motion.  See White v. Reiter, 640 S.W.2d 586, 593–94 (Tex. Crim. App. 1982).  A trial judge has a duty to consider and rule on motions within a
reasonable time.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding).   To obtain a writ of mandamus
compelling the trial court to consider and rule on a motion, a relator must
establish that the trial court (1) had a legal duty to perform a nondiscretionary
act, (2) was asked to perform the act, and (3) failed or refused to do so.  In
re Molina, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig.
proceeding).  But a trial court cannot be expected to consider a motion not
called to its attention.  See In re Chavez, 62 S.W.3d 225,
228 (Tex. App.–Amarillo 2001, orig. proceeding).  Merely filing a motion with
the district clerk does not impute the clerk’s knowledge of the filing to the
trial court.  Id. at 228.  Therefore, it is incumbent upon the relator
to establish that the motion has been called to the trial court’s attention.  See
id.  

Here,
the cover letter attached to Dean’s motions includes a request that the motions
be filed and called to the court’s attention.  However, neither the mandamus
petition nor the attachments show that this ever occurred.  Consequently, Dean
has not shown that the trial court was asked to rule on the motions, but failed
or refused to do so.  See In re Molina, 94 S.W.3d at 886.  Therefore,
we cannot say that the trial court abused its discretion in allegedly failing
to act on the motions.  See In re Chavez, 62 S.W.3d at  228. 
Accordingly, Dean’s petition for writ of mandamus is denied, and
all pending motions in this proceeding are overruled as moot.

 

                                                                                                Sam Griffith

                                                                      
             Justice

 

 

 

 

Opinion delivered November 25,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
Dean is presently on federal probation, which he is scheduled to complete in
September 2014.